1
2
3
4
5
6
7

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  KEVIN SULLIVAN, an individual, | Case No. CV10-00442-JFW (FFMx) |
| 11              Plaintiff, | |
| 12         v. | **[PROPOSED] ORDER FOR ENTRY OF STIPULATED PROTECTIVE ORDER** |
| 13  LUMBER LIQUIDATORS, INC. a Delaware corporation, ROBERT MORRISON, an individual; and DOES 1 through 50, inclusive, | NOTE CHANGES MADE BY COURT |
| 15 | |
| 16              Defendant. | Complaint Filed:   December 29, 2009 DCO:                October 18, 2010 Pre-Trial Conf.:   December 3, 2010 Trial Date:         December 21, 2010 |

18
19
20
21
22
23
24
25
26
27
28

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4   "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to

1   another Party or nonparty would create a substantial risk of serious injury that

2   could not be avoided by less restrictive means, and where the Designating Party

3   has complied relevant law by showing good cause by identifying the specific

4   prejudice or harm that would result from the disclosure of each document (or item

5   of information) that it seeks to protect.

6          2.5     Receiving Party: a Party that receives Disclosure or Discovery

7   Material from a Producing Party.

8          2.6     Producing Party: a Party or non-party that produces Disclosure or

9   Discovery Material in this action.

10          2.7.    Designating Party: a Party or non-party that designates information or

11   items that it produces in disclosures or in responses to discovery as "Confidential"

12   or "Highly Confidential — Attorneys' Eyes Only."

13          2.8     Protected Material: any Disclosure or Discovery Material that is

14   designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

15          2.9.    Outside Counsel: attorneys who are not employees of a Party but who

16   are retained to represent or advise a Party in this action.

17          2.10   House Counsel: attorneys who are employees of a Party.

18          2.11   Counsel (without qualifier): Outside Counsel and House Counsel (as

19   well as their support staffs).

20          2.12   Expert: a person with specialized knowledge or experience in a matter

21   pertinent to the litigation who has been retained by a Party or its counsel to serve as

22   an expert witness or as a consultant in this action and who is not a past or a current

23   employee of a Party or of a competitor of a Party's and who, at the time of

24   retention, is not anticipated to become an employee of a Party or a competitor of a

25   Party's. This definition includes a professional jury or trial consultant retained in

26   connection with this litigation.

27          2.13   Professional Vendors: persons or entities that provide litigation

28   support services (e.g., photocopying; videotaping; translating; preparing exhibits or

3

1   demonstrations; organizing, storing, retrieving data in any form or medium; etc.)

2   and their employees and subcontractors.

3       3.   <u>SCOPE</u>

4       The protections conferred by this Stipulation and Order cover not only

5   Protected Material (as defined above), but also any information copied or extracted

6   therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus

7   testimony, conversations, or presentations by parties or counsel to or in court or in

8   other settings that might reveal Protected Material.

9       4.   <u>DURATION</u>

10      Even after the termination of this litigation, the confidentiality obligations

11  imposed by this Order shall remain in effect until a Designating Party agrees

12  otherwise in writing or a court order otherwise directs.

13      5.   <u>DESIGNATING PROTECTED MATERIAL</u>

14      5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

15  Each Party or non-party that designates information or items for protection under

16  this Order must take care to limit any such designation to specific material that

17  qualifies under the appropriate standards. A Designating Party must take care to

18  designate for protection only those parts of material, documents, items, or oral or

19  written communications that qualify – so that other portions of the material,

20  documents, items, or communications for which protection is not warranted are not

21  swept unjustifiably within the ambit of this Order.

22      Designations that are shown to be clearly unjustified, or that have been made

23  for an improper purpose (e.g., to unnecessarily encumber or retard the case

24  development process, or to impose unnecessary expenses and burdens on other

25  parties), expose the Designating Party to sanctions.

26      If it comes to a Party's or a non-party's attention that information or items

27  that it designated for protection do not qualify for protection at all, or do not

28  qualify for the level of protection initially asserted, that Party or non-party must

1    promptly notify all other parties that it is withdrawing the mistaken designation.

2        5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in

3    this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise

4    stipulated or ordered, material that qualifies for protection under this Order must be

5    clearly so designated before the material is disclosed or produced.

6        Designation in conformity with this Order requires:

7        (a)    for information in documentary form (apart from transcripts of

8    depositions or other pretrial or trial proceedings), that the Producing Party affix the

9    legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

10   EYES ONLY" at the top or bottom of each page that contains protected material.

11   The legend "HIGHLY CONFIDENTIAL" or the legend "ATTORNEYS EYES

12   ONLY" shall mean the same thing as the legend "HIGHLY CONFIDENTIAL –

13   ATTORNEYS' EYES ONLY."  If only a portion or portions of the material on a

14   page qualifies for protection, the Producing Party also must clearly identify the

15   protected portion(s) (e.g., by making appropriate markings in the margins) and

16   must specify, for each portion, the level of protection being asserted (either

17   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

18   ONLY").

19       If the material is produced in discovery the Producing Party must make the

20   designation contemporaneously with the production, and not afterwards If only a

21   portion or portions of the material on a page qualifies for protection, the Producing

22   Party also must clearly identify the protected portion(s) (e.g., by making

23   appropriate markings in the margins) and must specify, for each portion, the level

24   of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

25   CONFIDENTIAL – ATTORNEYS' EYES ONLY").

26       (b)    for testimony given in deposition ~~or in other pretrial or trial~~

27   ~~proceedings~~ **(FFM)**, that the Party or non-party offering or sponsoring the

28   testimony identify on the record, before the close of the deposition, ~~hearing, or~~

~~other proceeding~~ (**FFM**), all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition ~~or proceeding~~ (**FFM**) is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the

Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must challenge only those specific documents it reasonably requires for prosecuting the litigation, and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party The Designating Party must make itself/himself/herself available within two business days after written or telephonic notice of the request for a meet and confer. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain in writing the basis for the chosen designation within three business days of the conclusion of the meet and confer. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this good faith meet and confer process first.

6.3    Judicial Intervention. A Party that elects to press a challenge to a

confidentiality designation after considering the justification offered by the

Designating Party may file and serve a motion under Civil Local Rule **37 (FFM)**

(and in compliance with Civil Local Rule 79-5, if applicable) that identifies the

challenged material and sets forth in detail the basis for the challenge. Each such

motion must be accompanied by a competent declaration that affirms that the

movant has complied with the meet and confer requirements imposed in the

preceding paragraph and that includes the written justification for the

confidentiality designation that was given by the Designating Party after the meet

and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the

Designating Party. Until the court rules on the challenge, all parties shall continue

to afford the material in question the level of protection to which it is entitled under

the Producing Party's designation.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

disclosed or produced by another Party or by a non-party in connection with this

case only for prosecuting, defending, or attempting to settle this litigation. Such

Protected Material may be disclosed only to the categories of persons and under

the conditions described in this Order. When the litigation has been terminated, a

Receiving Party must comply with the provisions of section 11, below (FINAL

DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a

location and in a secure manner that ensures that access is limited to the persons

authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

otherwise ordered by the court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated

CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)     the Receiving Party, including the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author of the document or the original source of the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well

9

1   as employees of said Counsel to whom it is reasonably necessary to disclose the

2   information for this litigation and who have signed the "Agreement to Be Bound

3   by Protective Order" that is attached hereto as Exhibit A;

4         (b)    Experts (as defined in this Order) (1) to whom disclosure is

5   reasonably necessary for this litigation, (2) who have signed the "Agreement to Be

6   Bound by Protective Order" (Exhibit A), [Optional: and (3) as to whom the

7   procedures set forth in paragraph 7.4, below, have been followed];

8         (c)    the Court and its personnel;

9         (d)    court reporters, their staffs, and professional vendors to whom

10   disclosure is reasonably necessary for this litigation and who have signed the

11   "Agreement to Be Bound by Protective Order" (Exhibit A); and

12         (e)    the author of the document or the original source of the information.

13         8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>

14   <u>PRODUCED IN OTHER LITIGATION</u>.

15         If a Receiving Party is served with a subpoena or an order issued in other

16   litigation that would compel disclosure of any information or items designated in

17   this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

18   ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating

19   Party, in writing (by fax, if possible) immediately and in no event more than three

20   court days after receiving the subpoena or order. Such notification must include a

21   copy of the subpoena or court order.

22         The Receiving Party also must immediately inform in writing the Party who

23   caused the subpoena or order to issue in the other litigation that some or all the

24   material covered by the subpoena or order is the subject of this Protective Order. In

25   addition, the Receiving Party must deliver a copy of this Stipulated Protective

26   Order promptly to the Party in the other action that caused the subpoena or order to

27   issue.

28         The purpose of imposing these duties is to alert the interested parties to the

existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.     FILING PROTECTED MATERIAL. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11.     FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving

11

Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

      12.    <u>MISCELLANEOUS</u>

      12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

      12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

      **IT IS SO ORDERED.**

Dated:  October 14, 2010       <u>/S/ FREDERICK F. MUMM</u>
                                  FREDERICK F. MUMM
                                  United States Magistrate Judge

[PROPOSED] ORDER                            CV10-00442-JFW (FFMx)
SF1 46433v1 10/01/10